UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

RAUL MOYERS,

    Petitioner,

vs.

B. CURRY, Warden,

    Respondent.
_____/

No. C 08-1707 PJH (PR)

**ORDER DENYING HABEAS PETITION**

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to a 2006 denial of parole by the Board of Parole Hearings.

## BACKGROUND

In 1989 petitioner was convicted in Los Angeles Superior Court of first degree murder. He received a sentence of twenty-five years to life plus two years in state prison.

## DISCUSSION

Petitioner presents these contentions: (1) he has a liberty interest in parole protected by due process; (2) the denial of parole violated his state and federal rights to equal protection and due process because the Board applied the incorrect "some evidence" standard; (3) the denial of parole violated his state and federal rights to equal protection and due process because it was not based on "some evidence;" (4) the denial of parole violated his state and federal rights to equal protection and due process because it was based on "unchanging factors;" (5) the Board violated his state and federal rights to equal protection and due process by failing to bypass the suitability determination under 15 Cal. Code Regs. § 3041(b) and go directly to setting a parole release date under 15 Cal. Code Regs. § 3041(a); and (6) the Board violated his state and federal rights to equal protection

and due process by "prejudging and predetermining" the suitability determination.

To the extent petitioner's claims are based on purported violations of California law, including the California Constitution, they provide no basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law).

The first issue, petitioner's contention that California law creates a liberty interest in parole, while true, affords no basis for relief in itself. *See McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole.").

The United States Supreme Court recently held in *Swarthout v. Cooke*, No. 10-333 (January 24, 2011), that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more." *Id.* at slip op. 4-5. That is, the only due process requirements for parole eligibility hearings are (1) an opportunity to be heard; and (2) a statement of reasons for denial. Because petitioner does not contend that he was denied either of these, and the court's review of the record indicates that in fact he was afforded both, his due process claims in issues two through six are without merit.

In issue five, petitioner contends that the denial of parole violated his right to equal protection because he is being treated differently than another inmate named Mikael Schiold. According to petitioner, Schiold was a California prisoner who obtained a "settlement agreement" with the State of California under which he was "transferred to" Sweden where he was to be held in custody until January 1, 2007. Petitioner complains that he is being discriminated against because, unlike Schiold, petitioner is not being transferred to another country and has not been given a date for his release from custody.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of*

*Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  The allegations in the petition establish that petitioner is not "similarly situated" to Schiold, in that Schiold was granted parole by the Board and petitioner was not.  Moreover, Schiold is a foreign national and petitioner is not.  There is no indication or allegation that any foreign country has any interest in receiving petitioner into its custody and then releasing him at any particular date, as was the case with Schiold.  Petitioner's equal protection rights thus were not violated when he was not treated the same as  Schiold.  In his other issues, petitioner does not provide any information about other inmates who have been treated differently than he was, so the equal protection claims contained in the other issues are without merit.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  January 28, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\MOYERS707.DENY-Swarthout.wpd

3